Jeffrey N. Pomerantz (State Bar No. 143717)
Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail:   jpomerantz@pszjlaw.com
          jdulberg@pszjlaw.com
          jlucas@pszjlaw.com

[Proposed] Counsel to Bradley D. Sharp, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re:<br><br>LESLIE KLEIN,<br><br>                     Debtor<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>                     Plaintiff,<br><br>     v.<br><br>KENNETH KLEIN, an individual and SHOSHANA SHRIFA KLEIN, an individual,<br><br>                     Defendant(s). | Case No.: 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:23-ap-_____-SK<br><br>Chapter 11<br><br><br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER**<br><br>11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04(a)(1), (a)(2), and 3439.07 |
|---|---|

Bradley D. Sharp ("Plaintiff" or "Trustee"), the duly appointed trustee for the chapter 11 estate of Leslie Klein (the "Debtor"), in support of his Complaint for Avoidance and Recovery of Fraudulent Transfers, alleges as follows:

**CASE BACKGROUND**

1.  This is an adversary proceeding brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.  It seeks to avoid and recover that transfer of Debtor's valuable interest in that certain parcel of real property legally described as and located at 306 N. Highland

Ave, Los Angeles, California, 90036-2630, Los Angeles County, Lot Number: 22 Tract No: 8320 as per Map recorded in Book 98, page 41 to 43 inclusive of Maps, APN: 5524-037-011 (the "Highland Property").

2. This action is brought to avoid the fraudulent transfer of the Highland Property by the Debtor, Leslie Klein to Kenneth Klein and Shoshana Shifra Klein, the Debtor's son and daughter-in-law, respectively (collectively, the "Defendants"), and to recover the Highland Property, or the value thereof, in accordance with 11 U.S.C. §§ 544 and 550 and Cal. Civil Code §§ 3439.04(a)(1) and (a)(2) and 3439.07.

3. The Debtor and his then wife Erica Klein purchased the Highland Property on July 18, 2006.

4. On November 18, 2013, an affidavit of death was recorded regarding the death of Erica Klein.

5. On February 12, 2021, the Debtor, as a widower, recorded a transfer of ownership of the Highland Property via Grant Deed to the Defendants.

6. The current owners of the Highland Property are Defendants Kenneth Klein and Shoshana Shrifa Klein, the Debtor's son and daughter-in-law.

7. The Grant Deed indicates that the Debtor gifted the Highland Property to Defendants and paid no transfer tax in connection therewith.

8. On February 22, 2023, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

9. On April 24, 2023, creditors Erica and Joseph Vago filed a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* (the "Motion to Dismiss") [Docket No. 79].

10. On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate.

11. On May 23, 2023, the Office of the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee.

**THE PARTIES**

12. Plaintiff brings this action solely in his capacity as the Trustee of the Debtor's bankruptcy estate.

13. Plaintiff is informed and believes that defendant Kenneth Klein is an individual who at all times herein conducted business and maintained a residence in the Central District of California and is the son of the Debtor herein.

14. Plaintiff is informed and believes that defendant Shoshana Shrifa Klein is an individual who at all times herein conducted business and maintained a residence in the Central District of California and is the daughter-in-law of the Debtor herein.

**JURISDICTION AND VENUE**

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and §1334(b).

16. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

17. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §§ 544 and 550 and Cal. Civil Code §§ 3439.04(a)(1) and (a)(2) and 3439.07, and is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (H).

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Intentionally Fraudulent Transfers Pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1))**

18. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

19. In 2014, 24 verified petitions were filed seeking to remove the Debtor as trustee of various trusts, demanding an accounting and requesting a surcharge. From 2015 to 2019, the litigation proceeded through state court and on or about December 10, 2019, the matters were set for trial wherein the petitioners sought millions of dollars including for what they contend were illegitimate disbursements.

20. On or about July 1, 2020, Joseph and Erica Vago filed a complaint for Fraud and related causes of action against the Debtor seeking compensatory damages of not less than

$11,000,000, and various equitable remedies including an injunction and constructive trust over funds held by the Debtor.

21. On or about February 12, 2021, the Debtor transferred his interest in the Highland Property to the Defendants (the "Transfer")

22. Plaintiff is informed and believes, and thereon asserts, the Transfer was made with the intent to hinder, delay, or defraud creditors of the Debtor and was concealed and/or made in a secretive fashion.

23. The Transfer of the Highland Property was made in exchange for no consideration.

24. The Defendants are insiders as they are the son and daughter-in-law of the Debtor who transferred the Highland Property.

25. Plaintiff is informed and believes, that the Debtor was insolvent, or became insolvent as a result of the Transfer.

26. Accordingly, the Transfer is avoidable, and should be avoided, as fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civil Code § 3439.04(a)(1).

## SECOND CLAIM FOR RELIEF

**(Recovery of Transfers Pursuant to 11 U.S.C. § 550 and Cal. Civil Code § 3439.07)**

27. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

28. Having avoided the Transfer of the Highland Property, the Plaintiff is entitled to recover the Highland Property, or if the Court so orders, the value of the Highland Property, from the Defendants pursuant to 11 U.S.C. § 550 and/or Cal. Civil Code § 3439.07.

## THIRD CLAIM FOR RELIEF

**(Avoidance of Constructively Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and Cal. Civil Code § 3439.04(a)(2))**

29. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

30. The Debtor did not receive consideration and/or did not receive reasonably equivalent value in exchange for the Transfer of the Highland Property.

31. Plaintiff is informed and believes that at the time the Transfer was made, the Debtor (a) was engaged or was about to be engaged in a business or transaction for which the remaining assets were unreasonably small in relation to the business or transaction, or (b) intended to incur, or reasonably should have believed that it would incur, debts beyond their ability to pay as they came due.

32. Accordingly, the Transfer is avoidable, and should be avoided, as fraudulent pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## FOURTH CLAIM FOR RELIEF

**(Recovery of Transfers Pursuant to 11 U.S.C. § 550 and Cal. Civil Code § 3439.07)**

33. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

34. Having avoided the Transfer of the Highland Property, the Plaintiff is entitled to recover the Highland Property, or if the Court so orders, the value of the Highland Property, from the Defendants pursuant to 11 U.S.C. § 550 and/or Cal. Civil Code § 3439.07.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1. On the First, Second, Third, and Fourth Claims for Relief, avoiding and recovering the Transfer referred to therein and declaring the Highland Property to be property of the Debtor's chapter 11 estate;

2. For costs of suit incurred herein and pre-judgment interest; and

3. For such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
|1| Dated: June 6, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
|2| | |
|3| | By  */s/ Jeffrey W. Dulberg* |
|4| | Jeffrey N. Pomerantz<br>Jeffrey W. Dulberg<br>John W. Lucas |
|5| | |
|6| | Counsel to Bradley D. Sharp,<br>Chapter 11 Trustee |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:349371.4 78512/001

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER