Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com
jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 23-01990-SK<br><br>Chapter 11<br><br>Adv. No. 23-01167-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH KLEIN aka KENNETH KOLEV KLEIN aka KENNETH K. KLEIN aka KEN KLEIN, an individual; SHOSHANA SHIFRA KLEIN, aka SHOSHANA KLEIN, aka SHOSHANA S. KLEIN, an individual,<br><br>Defendant. | **OBJECTION AND REQUEST TO STRIKE SECOND DECLARATION OF SHOSHANA KLEIN SUBMITTED IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION**<br><br>Hearing:<br><br>Date:  February 5, 2025<br>Time:  9:00 a.m.<br>Place: Edward R. Roybal Federal Building<br>         and Courthouse<br>         255 E. Temple Street, Courtroom 1575<br>         Los Angeles, CA 90012<br><br>Judge: Honorable Sandra R. Klein |

Plaintiff, Bradley D. Sharp (the "**Plaintiff**"), by and through his undersigned counsel, hereby files the *Objection and Request to Strike the* **Second** *Declaration of Shoshana Klein* (the "**Affidavit**") as filed on December 31, 2024 [Dkt. No. 99] on the following grounds.

The Declarant, Shoshana Klein, by submitting her **Second** Declaration, continues to submit testimony contradictory to her sworn deposition testimony taken on May 7, 2024. Both her

4928-0434-4589.5 78512.001

declarations are contrary to her deposition testimony, made under oath, and which she did not correct. The statement that the witness can materially contradict her sworn testimony by claiming she refreshed her recollection of events, "<u>after</u> her deposition", is (a) not plausible and violates the Sham Affidavit Rule, (b) attempts to introduce inadmissible hearsay which the declarant concealed at deposition under a marital privilege, and (c) disqualifies the declaration from its intended purpose, to create an issue of fact in opposition to summary judgment.

The Sham affidavit rule prevents a party who has been examined at length on deposition from raising an issue of fact simply by submitting an affidavit contradicting his/her own prior testimony. Similarly, a deponent such as Shoshana, who remembers almost nothing about the events central to the case during her deposition, but suddenly recalls those same events with perfect clarity in her declaration in opposition to summary judgment, should have their testimony dismissed. *Yeager v. Bowlin*, 693 F. 3d 1076, 1080 (9th Cir. 2012).

| Paragraph Number | Second Declaration of Shoshana Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 3 | My deposition was taken in May of 2024. At that time, I had not reviewed any documents or otherwise prepared for the deposition. I did not consult with anyone regarding the specific events surrounding our previous home the Poinsettia Property or our current home the Highland Property | **Objection; Sham Affidavit Rule**<br>The stated testimony, "I did not review documents in preparation for deposition", is demonstrably <u>contrary</u> to her sworn deposition testimony wherein, the witness claimed she could not recall if she reviewed any documents in preparation for her deposition. *Yeager v. Bowlin*, 693 F. 3d 1076, (9th Cir. 2012). (It is implausible that the witness could refresh his recollection so thoroughly by reviewing several documents in light of the extreme number of questions to which he answered he could "not recall" during his deposition.). (*Id.* at 1081).<br>"Q. Did you review any documents before your deposition today?<br>A. I don't recall.<br>Q. You don't recall if you looked at any documents in preparation for your deposition today? |

| Paragraph Number | Second Declaration of Shoshana Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | A. Before today?<br>Q. Before today?<br>A. No, I don't recall.<br>Q. When did you learn that you were going to be deposed in this case?<br>A. Two weeks ago.<br>Q. Two weeks ago. And in preparation for your deposition today, did you look at any documents?<br>A. I don't recall."<br>[Depo. S. Klein 5/7/24, pg. 38-39, lns. 18-7; See Third Dec. of J. Nolan, Ex. A; See Notice of Plaintiff's Lodging of Deposition transcripts, dated January 14, 2025.] |
| 4 | I first saw the Statement by Leah Stem, my mother, at my deposition. As I testified at the time, everything in her Statement appeared true to me. In the months that followed by deposition, I had a couple of opportunities to review the Statement with my mother as well as discuss the events surrounding our acquisition of the Poinsettia Property and the Highland Property. From those conversations and a closing examination of my mother's Statement, I was able to subsequently refresh my recollection of the events that are set forth in my Declaration. | **Objection; Sham Affidavit Rule**<br>The witness testified in deposition she saw the statement <u>prior to her deposition,</u> and was shown the statement in her deposition, and should have been able to testify fully as to events at deposition.<br>"Q. For the record – go ahead and read it. Ms. Klein, I'm just going to identify it for the record.<br>Mr. Nolan: Exhibit 2 is a one page -- two page document that's marked Defendants' 0004-0005, and at the top it says "Statement from Leah Stern."<br>Q. And whenever you're ready, just let me know.<br>A. Yeah.<br>Q. Okay. Have you seen Exhibit 2 before today?<br>A. Yes.<br>Q. When did you see it before today?<br>A. I don't recall.<br>[Depo. S. Klein 5/7/24, pg. 38, lns. 6-17; |

| Paragraph Number | Second Declaration of Shoshana Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | See Third Dec. of J. Nolan, Ex. A; See Notice of Plaintiff's Lodging of Original Deposition transcripts, dated January 14, 2025.] |
| 5 | During this same time, I also discussed some of these events with my siblings, all of whom were aware of our acquisition of the Poinsettia Property and the Highland Property, and, in fact, were guests in our homes, both Poinsettia and Highland, over the years from 1998 to 2021. From those conversations, I was able to subsequently refresh my recollection of the events that are set forth in my Declaration. | **Objection; Sham Affidavit Rule & Inadmissible Hearsay (FRE 801)**<br><br>Shoshana was deposed on May 7, 2024, and could have testified as to her conversations between 1998 and 2021 with her siblings regarding the Poinsettia and/or Highland properties. She had no recollection of the conversations. Attempting to introduce siblings testimony post-deposition violates the rule on inadmissible hearsay per FRE 801. |
| 6 | In and around November of 2024, I also had several conversations with my husband, Kenneth regarding the events leading up to and following our acquisition of the Poinsettia Property and the Highland Property. We reviewed my mother's Statement as well as other documents we had produced in this adversary proceeding. From those conversations and a closer examination of my mother's Statement and other documents, I was able to subsequently refresh my recollection of the events that are set forth in my Declaration. | **Objection; Sham Affidavit Rule & Marital Privilege**<br><br>At deposition, the deponent was instructed <u>not to answer</u> the Trustee's questions by counsel with her husband based on the assertion of the "marital privilege" as to conversations she had on the topic. To claim the deponent can now selectively use such conversations on a whim as a basis to change her deposition testimony, is procedurally improper. *N. Am. Sci. Assocs., LLC v. Conforti*, 2024 U.S. Dist. LEXIS 11128, *14 (Dist. Minn 2024) a party's reliance on an evidentiary privilege such as the "marital communications" privilege, principles of fairness preclude a party "from simultaneously using the privilege as both a sword and a shield; that is, it prevents the inequitable result of a party disclosing favorable communications while asserting the privilege as to less favorable ones." *Rund v. Kirkland (In re EDP Inv. Co., LLC)*, 2009 Bankr. LEXIS 5833, *42 (Bankr. C.D. Cal 2009) (Defendants cannot use the marital privilege as both a sword and shield.). |

| Paragraph Number | Second Declaration of Shoshana Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| | | Q. And did you talk to your husband about his deposition testimony yesterday?<br><br>Mr. Aron: This is a yes-or-no answer.<br><br>The witness: Yes.<br><br>By Mr. Nolan:<br><br>Q. Did you talk to your husband at all about your deposition that was going to be taken today.<br><br>A. Mr. Aron: Yes or no answer.<br><br>The Witness: No.<br><br>Mr. Nolan: And, counsel, can I understand why you're restricting my questions about her conversations with her husband?<br><br>Mr. Aron: Because of the marital privilege.<br><br>Mr. Nolan: Okay. So you're asserting the marital privilege.<br><br>Mr. Aron: If it wasn't obvious, yes, we're asserting both the attorney-client to the extent that she had conversations with counsel and to the extent she had conversations with her husband, marital privilege which applies.<br><br>Mr. Nolan: Okay. And I'm just going to be overly self-explanatory here. You're instructing the witness not to answer based on all those privileges?<br><br>Mr. Aron: Based on all those privileges, she's instructed not to answer, and I apologize for not putting that on the record directly.<br><br>[Depo of S. Klein, pg. 40-41, lns. 5-5; See Third Dec. of J. Nolan, Ex. A; See Notice of Plaintiff's Lodging of Original Deposition transcripts, dated January 14, 2025.] |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4928-0434-4589.5 78512.001

5

| Paragraph Number | Second Declaration of Shoshana Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 7 | Finally, Kenneth and I discussed my refreshed recollection with our counsel and I provided him with the additional information or events as I recall them now. | **Objection; Marital Privilege & Inadmissible Hearsay (FRE 801)**<br>According to the Reply (Dkt. No. 94, pg. 11, lns. 21-23), Shoshana testifies "directly from her own personal knowledge and perceptions", yet her deposition testimony was repeatedly, "I don't recall" or "I don't know" at deposition. The referenced statement seeks to testify as to what her husband and lawyer expressed to her, two sources the Defendants' counsel prohibited the Trustee's from inquiring about at Shoshana's deposition. (See ¶ 6 above).<br>Attempting to introduce her husband's and/or lawyer's statements post-deposition violates the rule on inadmissible hearsay per FRE 801. |

Dated: January 15, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *Jeffrey P. Nolan*
Jeffrey W. Dulberg
John W. Lucas
Jeffrey P. Nolan

Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee

4928-0434-4589.5 78512.001

6