Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com
jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 23-01990-SK<br><br>Chapter 11<br><br>Adv No. 23-01167-SK |
| BRADLEY D. SHARP, Chapter 11 Trustee,,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH KLEIN aka KENNETH KOLEV KLEIN aka KENNETH K. KLEIN aka KEN KLEIN, an individual; SHOSHANA SHIFRA KLEIN, aka SHOSHANA KLEIN, aka SHOSHANA S. KLEIN, an individual,<br><br>Defendant. | **OBJECTION AND REQUEST TO STRIKE SECOND AMENDED DECLARATION OF KENNETH KLEIN SUBMITTED IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DEFENDANTS' CROSS-MOTION**<br><br>Hearing:<br><br>Date:  February 5, 2025<br>Time:  9:00 a.m.<br>Place: Edward R. Roybal Federal Building<br>         and Courthouse<br>         255 E. Temple Street, Courtroom 1575<br>         Los Angeles, CA 90012<br><br>Judge: Honorable Sandra R. Klein |

Plaintiff, Bradley D. Sharp (the "**Plaintiff**"), by and through his undersigned counsel, hereby files the *Objection and Request to Strike the* **Second** Declaration *of Kenneth Klein* as filed on December 31, 2024 [Dkt. No. 98], and *Amended* **Second** *Declaration of Kenneth Klein, filed on* January 2, 2025 [Dkt. No. 102] (the "Second Declaration"), on the following grounds:

4903-0362-3695.3 78512.001

The Declarant, Kenneth Klein, by submitting his **Second** Declaration and untimely Amended **Second** Declaration continues to submit testimony contradictory to his sworn deposition testimony taken on May 6, 2024. One again, his Second Declaration is contrary to his deposition testimony, made under oath, and which he did not correct. The statement that the witness can submit declarations that materially contradict his sworn testimony, now by claiming he refreshed his recollection of events, "<u>after</u> his deposition", is (a) not plausible, (b) inadmissible hearsay lacking and supporting factual basis, and (c) a sham Declaration that disqualifies the testimony.

The Sham affidavit rule prevents a party who has been examined at length on deposition from raising an issue of fact simply by submitting an affidavit contradicting his/her own prior testimony. Similarly, a deponent such as Kenneth, who remembers almost nothing about the events central to the case during his deposition, but suddenly recalls those same events with perfect clarity after his deposition in his declaration to oppose summary judgment, should have their testimony dismissed. *Yeager v. Bowlin*, 693 F. 3d 1076, 1080 (9th Cir. 2012).

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 2 | Subsequent to my deposition on May 6, 2024, I spoke to Abraham Coleman, the former owner and seller of the Poinsettia Property.[1] We discussed the purchase of the Poinsettia Property by the Kleins and Stems in 1998 and he confirmed to me the amount of the purchase price he received and other details surrounding the purchase. I thereafter reviewed the Individual Grant Deed from 1998, a copy of which is attached as Exhibit "J" to the Joint Statement of Facts ("JSOF") filed with the Court, and | **Objection; Inadmissible Hearsay (FRE 801)** <br><br>Q. Did you negotiate at all with the Colmans for the purchase of the property? <br><br>A. No. <br><br>[Depo. K. Klein 5/6/24, p. 59, lns. 12-14; See Third Dec. of J. Nolan, Ex. B; See Notice of Plaintiff's Lodging of Deposition transcripts, dated January 14, 2025.] <br><br>Attempting to introduce Mr. Coleman's out of court discussion post-deposition violates the rule on inadmissible hearsay |

---

[1] Defined terms used herein have the same meaning assigned to them in the Original Declaration of [sic] file with the Court.

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
|  | was able to confirm the purchase price. | per FRE 801. |
| 3 | I also subsequently reviewed the deposition transcript of the Debtor, from which I was able to refresh my recollection of several facts.<br><br>a. Details surrounding the purchase of the Poinsettia Property and Highland Property and confirmed several facts already set out in my Declaration; and,<br>b. I read his testimony that we (Shoshana and I) agreed to allow Bay Area Development Company hold title to the Poinsettia Property in order repay him. This statement is absolutely and completely false and no such words were ever spoken between us and there was no such agreement. Moreover, the Stems had put up approximately 50% of the purchase price would never have agreed to this had they known. | **Objection; Sham Affidavit Rule**<br><br>The stated testimony in the Amended Second Declaration, "This statement is absolutely and completely false and no such words were ever spoken between us and there was no such agreement", is demonstrably <u>contrary</u> to his sworn deposition testimony wherein, the witness said "he did not think about it" and he did not know if title to the Poinsettia property was, or was not, in his name. *Yeager v. Bowlin*, 693 F. 3d 1076, (9th Cir. 2012).<br><br>Q. So did you believe at that time the property was titled in your name?<br><br>A. I had no - - I didn't think about it, but I had no idea. I didn't know if it was or wasn't.<br><br>Q. So they bought you this real property and you didn't have any idea whether or not it was in your name or not?<br><br>A. Yeah.<br><br>[Depo. K. Klein 5/6/24, p. 52, lns. 1-8; See Third Dec. of J. Nolan, Ex. B; See Notice of Plaintiff's Lodging of Deposition transcripts, dated January 14, 2025.]<br><br>*Zeinali v. Raytheon Co.*, 2011 U.S. Dist. LEXIS 72852, *11(Dist. S.D. Cal. 2011) "Zenali simply cannot remember whether he actually "refused" to do anything, much less whether he refused to participate in a purported violation of federal law. His testimony is insubstantial and contradictory. It is axiomatic that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." |

4903-0362-3695.3 78512.001

3

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 4 | In 2006, I agreed with both of the Kleins that they would be on legal title to the Highland Property solely to obtain a mortgage to complete the purchase of the Highland Properly and make the gift to Shoshana and I. At that same time the Kleins agreed to pay the mortgage, taxes and insurance since they were concurrently going to receive our equity in the Poinsettia Property. The Poinsettia Property was free and clear and had approximately $1,300,000 of equity. As I testified at my deposition and have stated repeatedly, we would not have given up that equity without the Kleins' agreement to pay the mortgage, taxes and insurance on Highland. | **Objection; Unsubstantiated Opinion Testimony by Lay Witness (FRE 701)**<br>*Zeinali v. Raytheon Co.,* California Southern District Court July 7, 2011 2011 U.S. Dist. LEXIS 72852, *11 ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." Citing to *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). |
| 5 | The Stearns would also not have agreed to our transferring the Poinsettia Property without an agreement and understanding with the Kleins that the Highland Property would be paid for by them, including the mortgage. | **Objection; Unsubstantiated Opinion Testimony by Lay Witness (FRE 701)**<br>*Zeinali v. Raytheon Co.,* California Southern District Court July 7, 2011 2011 U.S. Dist. LEXIS 72852, *11 ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." Citing to *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). |

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 6 | After my deposition on May 6, 2024, I realized that I had confused my answers regarding the insurance. I also subsequently learned that the mortgage on Highland Property did not include taxes or insurance. I also subsequently reviewed the Debtor's deposition regarding the payments of taxes and insurance on the Poinsettia Property and mortgage, taxes and insurance on the Highland Property. While I have not recall or way of confirming whether such items were deducted from my salary at Les Klein & Associates, it refreshed my recollection and I now believe we did pay for insurance on the Poinsettia Property. | **Objection; Sham Affidavit Rule & Lack of Personal Knowledge (FRE 602).**<br>The stated testimony with respect to the Poinsettia property, is contrary to the witness sworn deposition testimony.<br><br>"it refreshed my recollection and I now believe we did pay for insurance on the Poinsettia Property", which is demonstrably <u>contrary</u> to his sworn deposition testimony.<br><br>Q. Did you pay the real property taxes on it?<br>A. No.<br>Q. Did you know that there were real property taxes when you own real property?<br>A. It's a good question. Back then, I'm not sure. But I don't know.<br>Q. Well, hold old were you when you moved in to Poinsettia?<br>A. 28? 27, 28.<br>Q. Did you take any insurance out on the property?<br>A. I didn't, no.<br>[Depo. K. Klein 5/6/24, p. 52, lns. 9-19; See Third Dec. of J Nolan, Ex B; See Notice of Plaintiff's Lodging of Deposition transcripts, dated January 14, 2025.]<br><br>No foundation is provided for Declarant's statement and the statement is unsupported by any fact or document. See *Zeinali v. Raytheon Co.*, 2011 U.S. Dist. LEXIS 72852, *11(Dist. SD Cal. 2011) ("A non-movant's bald assertions are insufficient to withstand summary judgment." Citing to *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). |

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 8. | It was shortly after learning of this that I approached the Debtor and again requested that legal title to the Highland Property be put in mine and Shoshana's names. Again, we were both busy at the time and didn't follow up as we/I should have. | **Objection; Sham Affidavit Rule**<br><br>The stated testimony with respect to the Poinsettia property, is contrary to the witness sworn deposition testimony.<br><br>Q. Okay. Well, what was it about the Vago lawsuit that made you think that the property needed to be - - legal title needed to be in your name?<br><br>A. I just wanted it to be separated from my father. I wanted to do my own thing. I don't want to be connected with any of that.<br><br>(Depo. Kenneth, May 6, 2024, p. 101, lns. 8-13; See Third Dec. of J. Nolan, Ex. B; See Notice of Plaintiff's Lodging of Deposition transcripts, dated January 14, 2025.) |
| 9 | I also reviewed the pleadings I could get from my attorney regarding the Vago Action. After doing so and discussing the matter with my sister, I now believe that the Vago's advised me that they would be dismissing me from that Action long before the dismissal was actually filed and shortly after Ms. Vago acknowledged that they had no valid or other claims against me and only included me in that action to "get to my father", as I previously testified in my deposition. | **Objection; Inadmissible Hearsay (FRE 801)** |

| Paragraph Number | Second Declaration of Kenneth Klein | Plaintiff's Evidentiary Objection |
|---|---|---|
| 10. | In connection with our response to the Opposition to the Cross-Motion filed by the Plaintiff, Rafael Deustch indicated he would provide a statement or declaration to me that he understood at the time the Highland Property was purchased by the Kleins that they intended to make a gift of the Highland Property to me and Shoshana and the Highland Property would be beneficially owned by us. Given the holidays and the timing of our response, Mr. Deutsch was not able to deliver that statement or declaration, but said he would in the future. Mr. Deutsch and his wife were the sellers of the Highland Property in 2006. | **Objection; Inadmissible Hearsay (FRE 801)** |

Dated: January 15, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Jeffrey P. Nolan
   Jeffrey W. Dulberg
   John W. Lucas
   Jeffrey P. Nolan

Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee

4903-0362-3695.3 78512.001

7