Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com
jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
  Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH KLEIN aka KENNETH KOLEV KLEIN aka KENNETH K. KLEIN aka KEN KLEIN, an individual; SHOSHANA SHIFRA KLEIN, aka SHOSHANA KLEIN, aka SHOSHANA S. KLEIN, an individual,<br><br>Defendant. | Case No. 23-01990-SK<br><br>Chapter 11<br><br>Adv. No. 23-01167-SK<br><br>**OBJECTIONS AND REQUEST TO STRIKE PORTIONS OF THE SECOND DECLARATION OF ABRAHAM J. COLMAN SUBMITTED IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION**<br><br>Hearing:<br><br>Date: February 5, 2025<br>Time: 9:00 a.m.<br>Place: Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Courtroom 1575<br>Los Angeles, CA 90012<br><br>Judge: Honorable Sandra R. Klein |

Plaintiff, Bradley D. Sharp (the "**Plaintiff**"), by and through his undersigned counsel, hereby files the *Evidentiary Objections To and Request to Strike the Second Declaration of Abraham J. Colman* (the "**Affidavit**") in Support of *Defendants' (1) Opposition to Plaintiff Bradley D. Sharp, Chapter 11 Trustee's Motion for Summary Judgment, or in the Alternative,*

LA:4900-5374-2351.3 78512.001

*Summary Adjudication, and (2) Cross-Motion for Summary Judgment or, in the Alternative, Summary Adjudication* (the "**Objection**"), which was filed on December 31, 2024 [Dkt. No. 97] on the grounds the Defendants, recognizing the defects in their moving papers submit an untimely similar Second Declaration of Abraham Coleman again filled with bald assertions unsupported by facts.

I.  **The Declaration Violates Multiple Federal Rules Of Evidence**

| Paragraph Number | Declaration of Abraham Colman | Plaintiff's Evidentiary Objection |
|---|---|---|
| 3 | In connection with the sale of the Poinsettia Property in 1998, I negotiated the purchase price and other terms with Leslie. Part of those negotiations included him telling me that he and his deceased wife, Erika Klein, and Shoshana's parents, Nicholas and Leah Stern, were each contributing significant amounts of money to purchase the Poinsettia Property for their children and I should accept the price he was offering. | **Inadmissible Hearsay (FRE 802).** The Debtor's purported out-of-court statement is offered to prove the truth of the matter stated therein and is inadmissible. |
| 4 | I knew that the Poinsettia Property sold for $510,000. | **Lack of Personal Knowledge (FRE 602).** No foundation is provided for Declarant's statement or for the source of the funds for the purchase of the property for which Declarant issued a grant deed to Bay Area Development Company. |
| 5 | I have personal knowledge that K&S moved into the Poinsettia Property in or about August of 1998 and lived in Poinsettia Property for many years because I lived and still live in the neighborhood and saw them move in and frequently thereafter at the Poinsettia Property. | **Relevance (FRE 401).** The statement does not make it more probable than not Declarant/Grantor, in making the transfer of the Poinsettia Property, intended to transfer bare title to the Debtor, but all beneficial interest in the property to K&S, or that ownership by K&S was a condition for the sale of the property from Declarant to Bay Area Development Company. |

| Paragraph Number | Declaration of Abraham Colman | Plaintiff's Evidentiary Objection |
|---|---|---|
| 6 | My understanding was clear that the Poinsettia Property <u>would be owned and belong to K&S</u> from conversations with Leslie Klein at the time of acquisition and from conversations with K&S at the time and during the years afterwards as well as from seeing the improvements they made to the Poinsettia Property. | **Relevance (FRE 401).** The statement does not make it more probable than not Declarant/Grantor, in making the transfer of the Poinsettia Property, intended to transfer bare title to the Debtor, but all beneficial interest in the property to K&S, or that ownership by K&S was a condition for the sale of the property from Declarant to Bay Area Development Company.<br><br>**Objection; Insufficient Fact or Basis (FRE 701 & 702).** The witness executed a grant deed transferring the Poinsettia Property from Declarant to Bay Area Development Company. The Declarant now seeks to introduce his opinion testimony as to future events to contradict the grant deed to Bay Area Development Company. (See Plaintiff's JSOF 31, Ex. F). See *United States v. Jimenez-Chaide*, 96 F. 3d 1257, 1273 (9th Cir. 2024) ("The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702."). |

Dated: January 14, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: <u>/s/Jeffrey P. Nolan</u>
Jeffrey W. Dulberg
John W. Lucas
Jeffrey P. Nolan

Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Trustee

LA:4900-5374-2351.3 78512.001

3